

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*James I. Hammond*
*Special Assistant United States Attorney*
*james.hammond@usdoj.gov*

*36 South Charles Street*
*Suite 400*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4952*
*MAIN: 410-209-4800*

May 26, 2023

The Honorable George L. Russell
United States District Judge
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

       Re:     United States v. Keith Ray Criminal No. GLR-22-369

Dear Judge Russell:

The Government submits this sentencing recommendation in advance of the sentencing hearing in the above-captioned matter, currently scheduled for Tuesday, May 30, 2023 at 11:00 a.m. Mr. Ray pled guilty to Count One of the indictment in this case, charging him with Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1).

As set forth more fully below, the Government requests that the Court accept the Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement and sentence the Defendant to 37 months' imprisonment.

### Sentencing Guidelines Calculation

The Government adopts the findings of the Presentence Report (PSR), which accurately reflects the Defendant's base offense level of 16 and a criminal history category of V. Additionally, the Defendant accepted responsibility for his misconduct and accordingly the Government does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a). The Government also agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. Therefore, the PSR also accurately reflects that the adjusted offense level is 13.

The applicable guideline range for this offense level and criminal history is 30-37 months. As noted in the plea agreement, the parties jointly recommend a 37-month sentence. As further discussed below, the Government believes that the recommend c-plea sentence is reasonable under § 3553(a).

**Factors Set Forth in 18 U.S.C. § 3553(a)**

The Government believes the following 3553(a) factors are most relevant in this case:

I.      The Nature and Circumstances of the Offense (a)(1)

The Defendant was in one of Baltimore's most known open-air drug markets with an open warrant, while carrying a loaded, operable, stolen firearm, all while being on parole for distribution of controlled substances.

Although the Defendant has taken responsibility for his actions, there is no doubt that the possession of a loaded, operable firearm, in a community plagued by gun violence was obviously dangerous. By possessing this weapon, the Defendant exposed the community and himself to harm. This is a serious crime. As such, the Government believes that a total sentence of 37 months imprisonment is warranted and sufficient.

II.      The History and Characteristics of the Defendant (a)(1)

The Defendant is a category V with 11 criminal history points. He received his first adult conviction at the age of 16 when he was convicted of illegally possessing a firearm while being under the age of 21 years. He was convicted the following year of two separate conspiracy to commit armed robbery charges while he was on probation in the firearm case. Soon after being released for those sentences, the Defendant was convicted of conspiracy to distribute controlled substances while being on supervised probation in the armed robbery cases. He was released on parole in the most recent case and was on active parole when this offense was committed.

His prior convictions are a dangerous combination indicating a risk to the public from future crimes by the Defendant. Additionally, despite a significant term of imprisonment in the state prison system, the Defendant failed to rehabilitate himself and become a law-abiding member of the community. Instead, he continued to possess a firearm and controlled substances knowing that he was prohibited from doing so. Therefore, the Government is recommending a sentence at the top of guidelines.

The Defendant's childhood was clearly marked with difficulties, but the Defendant's criminal history and inability to adapt to supervised release is extremely troubling. While the severity of the penalties that he *could* have faced is significant, the Government believes that given the aggravating factors of the offense and the Defendant's criminal conduct to date, a total sentence of 37 months is appropriate and is sufficient to obtain the objectives of 18 U.S.C. § 3553(a).

III.      The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public from Further Crimes of the Defendant (a)(2)

2

A firearms possession case like this one requires a sentence that will reflect the seriousness of the offense, deter crimes by other potential gun offenders, and protect the public from future such crimes by the Defendant.  As such, the Defendant should receive a substantial sentence.

The need for deterrence should also be considered. The Government believes that the Defendant's conduct, in combination with his character and history, is adequately reflected by a total sentence of 37 months' imprisonment and further believes such a sentence is sufficient to provide both a general deterrent and specific deterrent effect. The Government hopes that this federal conviction will be the final deterrent for the Defendant from future criminal acts.

Considering all the factors set forth above, the Government asks that the Court accept the Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement and that the Defendant be sentenced to 37 months imprisonment. The Government submits that such a sentence would be sufficient but not greater than necessary to accomplish the purposes of sentencing under the § 3553(a) factors.

The Government thanks the Court for its consideration of this matter.

Respectfully submitted,

Erek L. Barron
United States Attorney


_____/S/_____

By:     James I. Hammond
        Special Assistant United States Attorney


cc:     FPD James Wyda
        Melissa McGuinness, USPO
        Nicole Johnson, USPO